UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ALGENIS URENA,  08-CV-2765 (NG)

                Plaintiff,  **MEMORANDUM AND ORDER**

  -against-

NEW YORK STATE DEPT. OF CORRECTIONS,

                Defendant.
-------------------------------------------------------------x

**GERSHON, United States District Judge:**

On June 30, 2008, plaintiff Algenis Urena, formerly incarcerated at Downstate Correctional Facility, commenced this *pro* se action seeking damages against the New York State Department of Corrections ("NYSDOCS"). Plaintiff does not provide the basis for the Court's jurisdiction, but the Court liberally construes this action as brought pursuant to the Civil Rights Act, 42 U.S.C. §1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this order. For the reasons set forth below, this action is dismissed.

**Background**

Plaintiff alleges that he was released by the defendant on April 17, 2008, "approx. 180 days past his maximum date of Sept. 9, 2007 as shown in the New York State Dept of Corrections Computation Sheet (copy attached)." Plaintiff seeks "a full monetary settlement that the New York State will allow for punitive damages." The Computation Sheet attached to plaintiff's complaint indicates that his conditional release date was September 9, 2007 and that his maximum expiration date was October 21, 2007.

1

**Standard of Review**

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, pursuant to the *in forma pauperis* statute, the Court shall dismiss a complaint "at any time" if it determines that the action is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," the Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

**Discussion**

Eleventh Amendment

Even assuming that plaintiff was held beyond his maximum expiration date, see Calhoun v. N.Y. State Div. of Parole Officers, 999 F.2d 647, 653 (2d Cir. 1993) ("an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment," but finding that detention for five days beyond expiration of maximum sentence did not rise to constitutional violation), NYSDOCS, the sole defendant, as an agency of the State of New York is immune from suit for damages pursuant to the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (agencies and departments of the state are entitled to assert the state's Eleventh Amendment immunity); Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) (dismissing claim against NYSDOCS under the Eleventh Amendment); Peterson v. Tomaselli, 469 F.Supp.2d

146, 157 (S.D.N.Y. 2007).

Because plaintiff "seeks monetary relief from a defendant who is immune from such relief," this Court cannot grant plaintiff the remedy he seeks and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff is advised that the proper forum for a claim seeking monetary damages against defendant lies in the New York State Court of Claims. See, e.g., Emanuele v. State of New York, 250 N.Y.S.2d 361, 366 (N.Y.Ct.Cl. Jun. 05, 1964) (awarding former prisoner damages for being held after maximum sentence expired); Brown v. State of New York, 173 N.Y.S. 2d 925 (N.Y.Ct.Cl. Apr. 30, 1958) (same) Williams v. State of New York, 168 N.Y.S.2d 163 (N.Y.Ct.Cl. Jun. 5, 1957) (same).

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's state law claim against defendant is dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to close this case.

**SO ORDERED.**

_____/s/_____
**NINA GERSHON
United States District Judge**

**Dated: Brooklyn, New York
September 15, 2008**

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALGENIS URENA,

                Plaintiff,                                    **CIVIL JUDGMENT**

     -against-
                                                              **08-CV-2765 (NG)**

NEW YORK STATE DEPT OF CORRECTIONS,

                Defendant.
------------------------------------------------------------X
```

Pursuant to the Court's Memorandum and Order issued September 15, 2008, dismissing the Complaint, it is

**ORDERED, ADJUDGED AND DECREED**: That the action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.

```
                           _____/s/_____
                           NINA GERSHON
                           United States District Judge
```

Dated: Brooklyn, New York
       September 15, 2008